# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARTELL HEMPHILL,

      Defendant-Appellant.

UNPUBLISHED
June 26, 2018

No. 337902
Wayne Circuit Court
LC No. 16-005677-01-FH

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant was convicted by a jury of child sexually abusive activity (CSAA), MCL 750.145c(2), and accosting a child for immoral purposes, MCL 750.145a, but it could not reach a verdict on a charge of assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2).[1]  He was sentenced as a fourth habitual offender, MCL 769.12, to 3 to 20 years' imprisonment for the CSAA conviction and 2 to 15 years' imprisonment for the accosting conviction.  Defendant appeals as of right, and we affirm.

Defendant argues that there was insufficient evidence supporting the CSAA and accosting verdicts beyond a reasonable doubt, thereby resulting in a deprivation of his constitutional due process rights.  Defendant does not contend that there was an absence of testimony with respect to establishing the elements of the offenses.  Indeed, defendant does not even cite the elements of CSAA and accosting a minor for immoral purposes, let alone build an argument around the elements.  Rather, defendant's entire argument on appeal is that the testimony of the 11-year-old female victim was not corroborated or credible, given that she was thoroughly impeached by numerous inconsistent statements, had a motive to fabricate, and acknowledged some lies.  Therefore, according to defendant, there was insufficient evidence to support the verdicts.[2]

---

[1] A mistrial was declared on all of the charges in an earlier trial.

[2] We note that defendant is not arguing that the verdicts were against the great weight of the evidence.  And even had he presented such an argument, it would fail, considering that there is no indication that the victim's testimony contradicted indisputable physical facts or law, was patently incredible, defied physical realities, was so inherently implausible that a reasonable

Defendant's argument lacks merit, as it goes to the weight of the evidence and the credibility of a witness. In *People v Palmer*, 392 Mich 370, 375-376; 220 NW2d 393 (1974), the Michigan Supreme Court explained:

> In a criminal trial the burden is on the prosecution to prove the defendant's guilt beyond a reasonable doubt on every element of the crime charged. On appeal from a conviction a defendant may request the appellate court to determine if the prosecution fulfilled this burden. In conducting this review the appellate court must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact. In determining the facts the jury may draw reasonable inferences from the facts established by either direct or circumstantial evidence.

> Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [Citations omitted; see also *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992); *People v Mikulen*, __ Mich App __, __; __ NW2d __ (2018), slip op at 3 ("A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses.").]

Here, even though there was a basis to question the victim's credibility and corroboration shortcomings, the jury ultimately chose to believe her testimony and weighed that testimony in favor of a finding that the prosecution proved the CSAA and accosting offenses beyond a reasonable doubt. And we will not disturb the jury's determinations of weight and credibility. Moreover, we would note that despite the discrepancies and inconsistencies in the young victim's testimony, they tended to concern peripheral matters and not the core acts of defendant's wrongdoing.[3]

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Amy Ronayne Krause

---

juror could not believe the testimony, or was so seriously impeached that it was deprived of all probative value. *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998); *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015).

[3] Our Supreme Court has observed that "[g]enerally, children of . . . a young age will have difficulty on the witness stand, and therefore their credibility may easily be attacked by the defense." *People v Beckley*, 434 Mich 691, 717; 456 NW2d 391 (1990).